■ MLG-STRATFORD CORP. et al., Respondents, and MORTON L. GINSBERG, Appellant, v GRAND CRU ASSETS ONE, L. L. C., as Assignee of CHASE MANHATTAN BANK, as Trustee for Holders of DLJ MORTGAGE ACCEPTANCE CORP., MULTI-FAMILY MORTGAGE PASS-THROUGH CERTIFICATES, MF SERIES 1991-1, Defendant. ROBERT LAWRENCE, Intervenor-Respondent. [683 NYS2d 514] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 6, 1998, which, in an action seeking a declaration that a mortgage on several properties given as security for a loan to the corporate and limited partnership plaintiffs was discharged pursuant to RPAPL 1371, and that plaintiff-appellant's pledge of the corporate plaintiffs' stock, and the nonjudicial sale thereof, are unenforceable and void, granted respondent's motion to intervene and substitute himself as plaintiff in place of appellant and to substitute his counsel as counsel to plaintiffs-respondents, unanimously affirmed, without costs.

The complaint itself, which acknowledges that appellant has been divested of his stock interests in the borrower-plaintiffs and asserts no claims for relief on appellant's own behalf, establishes that appellant has no viable interest in this litigation. The only relief sought is on behalf of the borrower-plaintiffs, and without ownership of the stock, appellant does not describe any basis for him to act on their behalf. Moreover, appellant is precluded from challenging the validity of the UCC stock sale, having defaulted in a Suffolk County action in which he challenged the sale of the stock, and never having moved to vacate his default. We would also note with respect to appellant's claim that he has been unlawfully deprived of his equitable right of redemption, for which no relief is sought in the complaint, that he had 22 months prior to the UCC sale to exercise that right and failed to do so. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.